UNITED STATES DISTRICT COURT                                               C/M
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
MONA LEWIS,                                                :
                                                           :
                           Plaintiff,                      :    **MEMORANDUM DECISION AND**
                                                           :    **ORDER**
              - against -                                  :
                                                           :    15 Civ. 5478 (BMC)(RLM)
NEW YORK STATE HOMES AND                                   :
COMMUNITY RENEWAL,                                         :
                                                           :
                           Defendant.                      :
---------------------------------------------------------- X

**COGAN,** District Judge.

Plaintiff *pro se* brings this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. She essentially alleges that she has been treated unfairly by being yelled at by the manager of her agency. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, the complaint is dismissed, and plaintiff is granted leave to file an amended complaint within twenty (20) days of the date of this Order.

## BACKGROUND

Plaintiff has worked as a Housing and Community Specialist 1 grade 18 since 1988, having begun working for defendant in 1984 in its Public Information Unit. In April 2012, her manager, Mr. Bruce Falbo, inquired as to her age. She told him she would soon be 60, to which he replied, "Oh, you will still be with us for a while [sic]." Three months later, Mr. Falbo and plaintiff's supervisor, Mr. Jean Ceus, advised her that she was being transferred to the "Foil Unit" (presumably the Freedom of Information Law unit) to process subpoenas. She inquired as to the reason for her transfer, and Mr. Falbo told her he thought she would do a better job than the person who was there.

It does not appear from plaintiff's complaint that she is complaining about the transfer. She introduces the facts set forth above by stating, "[b]efore I get to my complaint," and after relating the facts of her transfer, her assignment to working space there, and her lack of training to process subpoenas, she states "[n]ow the reason for my complaint." Her administrative complaint with the New York State Division of Human Rights pertains solely to the post-transfer incident that she describes in her complaint before me.

That incident occurred about two years after her transfer when her supervisor, Ms. Stacey Payton, gave her an additional assignment beyond her regular work and told her to give it priority over her regular work. Ms. Payton then contradicted herself by giving plaintiff regular work, and yelled at plaintiff when plaintiff tried to remind Ms. Payton that Ms. Payton had told her not to take regular work. In response to being yelled at, plaintiff requested a meeting with Mr. Falbo and a Deputy Commissioner.

In the meeting with Mr. Falbo, he yelled at plaintiff for refusing to do her assigned work, and threatened to remove her from the unit if she did not follow instructions. Plaintiff responded by requesting reassignment back to the Public Information Unit, but Mr. Falbo told her she was not good enough for that unit.

The NYSDHR denied plaintiff's complaint, finding that there was "no evidence to support that age was a factor in Respondent's treatment of the Complainant's employment." It noted that she had never complained about age discrimination during her meetings with her supervisor and Mr. Falbo before filing her administrative complaint, and that she had not suffered any "job detriment" in connection with her employment. The EEOC subsequently issued a right to sue letter, adopting the conclusion of the NYSDHR.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court is required to dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaints liberally and interpret them raising the strongest arguments they suggest. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50 (2009)), aff'd, __ U.S. __, 133 S. Ct. 1659 (2013). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

The plausibility standard does not "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by [Federal] Rule [of Civil Procedure] 8." Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010). Nevertheless, the plausibility standard does impose some burden to assert factual allegations supporting a claim for relief. As the Iqbal Court explained, it "does not require detailed factual allegations, but it demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678, 129 S. Ct. at 1949 (internal quotation marks omitted).

## DISCUSSION

The ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a *prima facie* case of age discrimination in violation of the ADEA, a plaintiff must show: (1) that she was within the protected age group (more than 40 years old); (2) that she was qualified for her position; (3) that she experienced adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. See Gorzynski v. Jet Blue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010). In addition, it is the plaintiff's burden to establish that age was the "but-for" cause of the employer's adverse action, that is, that the adverse employment action would not have occurred except for her age. See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177, 129 S. Ct. 2343, 2351 (2009). Although a plaintiff need not allege all of the elements of a *prima facie* claim in her complaint, she must allege enough facts to show that such a claim is plausible. "[W]hile a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss . . . it must at a minimum assert nonconclusory factual matter sufficient to nudge [its] claims . . . across the line from conceivable to plausible to proceed . . . ." EEOC v. Port Auth. of New York and New Jersey, 768 F.3d 247, 254 (2d Cir. 2014) (citations and quotations omitted).

I do not see a plausible age discrimination claim within plaintiff's complaint or her submissions to the NYSDHR. At most, she alleges that after Mr. Falbo asked her how old she

4

was, and appeared satisfied with her answer, Mr. Falbo and Ms. Payson, more than two years later, acted unreasonably towards plaintiff by yelling at her for no good reason. Being yelled at unreasonably is not an adverse employment action. See Katz v. Beth Israel Medical Center, No. 95 Civ. 183, 2001 WL 11064, at *14 (S.D.N.Y. Jan. 4, 2001) ("Being yelled at, receiving unfair criticism, receiving unfavorable schedules or work assignments, and being told to retire or work part time . . . do not rise to the level of adverse employment actions."). Nor has plaintiff alleged any facts showing circumstances giving rise to an inference of discrimination. The question as to her age is the only thing to which plaintiff refers, and it is disconnected from the incident about which she complains both temporally and topically.

Alternatively, plaintiff may be attempting to allege a hostile work environment claim based on her age. But I do not see that as a plausible claim either. To state a claim for hostile work environment in violation of the ADEA, the plaintiff must plausibly allege that the workplace is "permeated with discriminatory intimidation, ridicule and insult that is sufficiently pervasive to alter the conditions of the victim's employment." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 240 (2d Cir. 2007) (citing Brennan v. Metro. Opera Ass'n, 192 F.3d 310, 318 (2d Cir. 1999)). A single incident of yelling is hardly, if ever, sufficiently pervasive to create an "environment" of hostility. Plaintiff's description of this one incident certainly does not rise to the level of a hostile work environment.

As a *pro se* litigant, plaintiff may be under the misimpression that because she is over 40, her employer has an obligation to treat her nicely. The law does not require employers to treat employees nicely, or even fairly. An employer is entitled to be unfair if that is the way it wishes to conduct its employee relations. The only action that federal law prohibits is action that which, as a threshold matter, is based on an employee's age or other protected characteristic. See, e.g.,

Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002) ("Everyone can be characterized by sex, race, ethnicity, [age] or (real or perceived) disability; and many bosses are harsh, unjust, and rude. It is therefore important in hostile work environment cases to exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination."); Sanchez–Vazquez v. Rochester City Sch. Dist., No. 11 Civ. 6590, 2012 WL 2856824, at *3 (W.D.N.Y. July 11, 2012) ("[E]mployment discrimination statutes do not establish a general civility code for the workplace."). Just because plaintiff is displeased with the way she is being treated does not give her a right to sue in federal court.

## **CONCLUSION**

In light of plaintiff's *pro se* status, she is granted twenty (20) days leave to file an amended complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Should plaintiff have a basis for a claim of age discrimination, she should provide facts in support of such claim. Plaintiff is directed that her amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and it must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number. No summons shall issue at this time and all further proceedings shall be stayed for twenty (20) days or until further order of the Court. If plaintiff fails to amend her complaint within twenty (20) days of the date this Order is entered on the docket, the Court shall dismiss this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920 (1962).

**SO ORDERED.**

                                                                                                      U.S.D.J.

Dated: Brooklyn, New York
        September 28, 2015